**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM ANDINO | : | |
| 4763 North Mascher St. | : | CIVIL ACTION |
| Philadelphia, PA 19120 | : | |
| | : | CASE NO.: |
| Plaintiff, | : | |
| v. | : | |
| SCOTLANDYARD SECURITY | : | |
| SERVICES, INC. | : | |
| 2243 W Allegheny Ave., Ste 2 | : | |
| Philadelphia, PA 19132 | : | |
| | : | |
| Defendant. | : | |

## CIVIL ACTION COMPLAINT

William Andino (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Scotlandyard Security Services, Inc. (hereinafter referred to as "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101, et. seq.), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), and Pennsylvania common law. Plaintiff asserts, *inter alia*, that he experienced unlawful workplace discrimination and retaliation, culminating in his termination from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

1

**JURISDICTION AND VENUE**

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      There lies supplemental jurisdiction over Plaintiff's state and local law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

6.      Plaintiff is proceeding herein under the ADA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") by filing the instant lawsuit within ninety ("90") days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

7.      Plaintiff dual-filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations ("PCHR"). Plaintiff properly exhausted his administrative proceedings before initiating this action by timely

filing his Charge with the PHRC and PCHR, and by filing the instant lawsuit after the Charge was pending with the PHRC and PCHR for over 1 (one) year.[1]

## PARTIES

8.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9.    Plaintiff is an adult individual with an address as set forth in the caption.

10.    Defendant is a private security company based in Pennsylvania that provides armed and unarmed security personnel and investigative services for businesses, government entities, and other organizations. It has been licensed by the Commonwealth of Pennsylvania and operates in areas including Philadelphia, Harrisburg, and Pittsburgh.

11.    At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

12.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.    Plaintiff was hired by Defendant on or about June 12, 2020, as a security guard.

14.    Plaintiff performed in the position of security guard, until he was unlawfully terminated on or about May 15, 2024 (further discussed *infra*).

---

[1] The PFPO is interpreted identically to the PHRA in terms of administrative exhaustion. In *Jones v. Foods on First III Inc.*, 2025 PA Super 184, 345 A.3d 231, 243, the PA Superior Court held a plaintiff has two years from the date of receiving a case closure letter from the PHRC to bring claims under the PHRA and PFPO, but that a plaintiff can bring these claims before receiving that letter so long as she waits one year from filing the charge. This same reasoning was adopted in the EDPA in *Jordan v. Nextus Billing Sols.*, 802 F. Supp. 3d 736, 737-739 (E.D. Pa. 2025).

3

15. During Plaintiff's employment, he was a hard-working employee and performed his job responsibilities in a dutiful and highly competent manner, without being subjected to a history of discipline.

16. At all times relevant herein, Plaintiff was supervised by Robert Dawson (hereinafter – "Dawson")

17. Plaintiff has and continues to suffer from disabilities, including those that stemmed from an accident that he was involved in while riding a SEPTA bus on his way to work in March of 2024.

18. Plaintiff aforesaid disabilities include rheumatoid arthritis and dislocated discs in neck and back, which at times, limited his ability to engage in some daily life activities, including but not limited to standing, walking, bending and performing manual tasks (as well as other daily life activities not mentioned herein).

19. Despite Plaintiff's aforesaid disabilities and limitations, he was able to perform the duties of his job well with Defendant; however, he did request reasonable accommodations in order to perform his job effectively – including but not limited to working a schedule that allowed Plaintiff to attend physical therapy to treat for his disabilities and improve his limitations.

20. At all times relevant herein, Defendant had a contract with SEPTA to provide security services at various SEPTA locations.

21. Shortly following Plaintiff's first accident involving SEPTA, Plaintiff notified Defendant's management that he had filed a lawsuit against SEPTA for his accident-related injuries.

22.     Thereafter, on or about April 29, 2024, Plaintiff was involved in another accident with SEPTA, wherein Plaintiff reaggravated his disabilities, and requested/took approximately one-week off from work to care for and treat for the same.

23.     Plaintiff returned to work from his aforesaid brief medical leave in or about the second week of May 2024.

24.     Plaintiff was informed by Defendant that before he could return to work, he needed to provide a doctor's note stating that he was cleared to return to work without restrictions.

25.     For the last approximate year of Plaintiff's employment (prior to his April 2024 accident), Defendant had consistently placed Plaintiff in Philadelphia's City Hall ("City Hall") location.

26.     The City Hall assignment was a sedentary security post, and Plaintiff was able to remain seated for the majority of his shift while performing his job duties.

27.     Prior to Plaintiff taking medical leave in or about April 2024, Defendant did not inform Plaintiff that he would be reassigned from the City Hall location or that any reassignment was anticipated in the near future.

28.     Because Plaintiff's aforesaid City Hall assignment was primarily sedentary, he obtained a physician's note clearing him to return to work without restrictions, as his medical condition did not interfere with his ability to perform the duties of that assignment.

29.     Upon Plaintiff's return from medical leave and only after receiving his medical clearance, Defendant (for the first time) informed Plaintiff that he would not be returning to the City Hall assignment.

30.     Instead, Defendant reassigned Plaintiff to work at a homeless shelter on a temporary basis.

31.     The assignment at the homeless shelter was not sedentary and required Plaintiff to stand for extended periods of time while performing his duties.

32.     Plaintiff informed Defendant's management that prolonged standing aggravated his disabilities and made it difficult for him to perform the homeless shelter assignment.

33.     Defendant initially provided Plaintiff with a chair so that he could sit while performing his duties.

34.     However, Defendant's management later removed the chair and informed Plaintiff that the homeless shelter did not permit chairs, requiring Plaintiff to stand for the remainder of his shifts.

35.     Plaintiff continued to inform Defendant's management that the standing requirements of the homeless shelter assignment were negatively impacting his disabilities.

36.     Finally, after notifying Defendant's management on several occasions that the homeless shelter assignment was negatively impacting his disabilities, Defendant reassigned Plaintiff from the homeless shelter to a library location, which was a sedentary assignment.

37.     On or about May 14, 2024, approximately one day after Plaintiff began working at the library assignment, Defendant informed Plaintiff that his employment was terminated.

38.     Defendant stated that Plaintiff was terminated because he was allegedly a no-call/no-show for one of the shifts at the homeless shelter.

39.     Plaintiff disputes Defendant's allegation and avers that he was only instructed to report to the homeless shelter for two days, not three as Defendant later claimed.

40.     Defendant's standard practice is to call or text employees who are late or absent from a scheduled shift without notification.

41.     Plaintiff did not receive any call, text, or communication from Defendant on the date Defendant claims he was absent.

42.     Plaintiff further avers that even if he was a no-call/no show (which he disputes), there were other non-disabled employees who no-called/no-showed, but they were not terminated like Plaintiff.

43.     Plaintiff believes and therefore avers that Defendant discriminated against him, subjected him to a hostile work environment, and ultimately terminated his employment because of his disability and/or his requests for reasonable accommodations.

44.     Plaintiff further believes and therefore avers that Defendant failed to accommodate him after being made aware that the homeless shelter assignment was not conducive to his disability and/or terminated his employment to avoid the obligation of having to accommodate his disability.

45.     Plaintiff also believes and therefore avers that Defendant terminated his employment in retaliation for Plaintiff filing a lawsuit against one of Defendant's contracted companies, in violation of Pennsylvania common law.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; [4] Hostile Work Environment)**

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     Plaintiff was subjected to a hostile work environment under the ADA for discriminatory and retaliatory reasons through (1) disparate treatment; (2) discriminatory comments; (3) refusal to adhere to his accommodation needs; and (4) pretextual admonishment.

7

48. Plaintiff was subjected to a hostile work environment and discrimination under the ADA, including through, *inter alia:* (1) disparate treatment; (2) assignment to non-sedentary posts despite knowledge of Plaintiff's disabilities; (3) Defendant's refusal to accommodate Plaintiff's disability-related limitations; and (4) Defendant's reliance on pretextual disciplinary allegations.

49. In the period immediately preceding his termination, Plaintiff complained to Defendant's management that the assignment requiring prolonged standing was exacerbating his disabilities and requested relief consistent with the sedentary nature of his prior assignment.

50. Despite Plaintiff's complaints and requests for accommodation, Defendant failed to properly investigate or address Plaintiff's concerns and instead terminated Plaintiff's employment shortly after he raised those concerns.

51. Defendant pretextually terminated Plaintiff's employment in or about May 2024, allegedly claiming that Plaintiff had been a no-call/no-show for a scheduled shift.

52. Plaintiff believes and therefore avers that his (1) known disabilities; (2) perceived disabilities; and/or (3) his record of impairment were motivating and/or determinative factors in the decision to terminate his employment.

53. Plaintiff also claims that Defendant terminated his employment because his engaged in protected activity under the ADA, including requesting reasonable medical accommodations and complaining of discrimination, retaliation and other violations under the ADA.

54. Furthermore, Plaintiff believes and therefore avers that Defendant refused to engage in the interactive process with Plaintiff and accommodate his disability.

55. Defendant's unlawful discrimination and retaliation constitutes violations of the ADAAA.

## COUNT II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; [4] Hostile Work Environment)

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

## COUNT III
### Violations of the Philadelphia Fair Practices Ordinance ("PFPO")
([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;
[3] Failure to Accommodate; [4] Hostile Work Environment)

58. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

59. Plaintiff re-asserts and re-alleges each and every allegation as set forth in COUNT I of the instant Civil Action Complaint, as such actions constitute identical violations of the Pennsylvania Human Relations Act.

## COUNT IV
### Violations of Pennsylvania Common Law
(Wrongful Discharge)

60. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9

61.     Plaintiff was terminated from Defendant for engaging in litigation against SEPTA, an entity with which Defendant had a contract.

62.     Plaintiff entered into litigation against SEPTA, to seek compensation for injuries and damages that he sustained as a result of accidents involving SEPTA.

63.     Plaintiff has a legal right to bring suit against an individual or company for injury to his person or property.

64.     After learning of the Plaintiff's pending litigation against SEPTA, Defendant's management became hostile towards Plaintiff, including moving his assignment (that he had been at for approximately one year) and ignoring his concern that his new assignment was negatively impacting his disabilities.

65.     On or about May 14, 2024, Plaintiff was terminated from his employment with Defendant after several years of good and dedicated service, without warning and for completely pretextual reasons.

66.     It is prohibited in this Commonwealth to terminate an employee for entering into litigation to protect his legal rights, to pursue his legal rights, and solely for maintaining a lawsuit.

67.     Plaintiff was terminated because he engaged in litigation against SEPTA (with which Defendant had a contract to provide services) to seek compensation for damages that he sustained as a result of his aforementioned accidents.[2]

68.     Defendant's termination of Plaintiff therefore constitutes a violation of this Commonwealth's public policy and common law protections.

---

[2] *Haun v. Phoenixville Hosp.,* 2009 Phila. Ct. Com. Pl. LEXIS 243 (Phila. C.P. 2009), *aff'd, Haun v. Cmty. Health Sys.,* 14 A.3d 120 (Pa. Super. 2011) (overruled in part on other grounds by *Salsberg v. Mann*, 310 A.3d 104, 121 (Pa. 2024))(denying defendant's preliminary objections because terminating an employee for pursuing a legal action for "which he has a legal right" is potentially contrary to mandates of Pennsylvania public policy).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).


Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**


By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com


Dated: April 14, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| William Andino | : | CIVIL ACTION |
| v. | : | |
| Scotlandyard Security Services, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x )

| | | |
|---|---|---|
| 4/14/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                         Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?         Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same   Yes ☐
    individual?

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?              Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.  *Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10.  Civil Rights
- ☐ 11.  Habeas Corpus
- ☐ 12.  Securities Cases
- ☐ 13.  Social Security Review Cases
- ☐ 14.  Qui Tam Cases
- ☐ 15.  Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16.  All Other Federal Question Cases. *(Please specify)*:_____

**B.  *Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
    _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANDINO, WILLIAM

**DEFENDANTS**
SCOTLANDYARD SECURITY SERVICES, INC.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & | Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | Liability | | [ ] 835 Patent – Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 360 Other Personal | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA, PHRA, PFPO and the Pennsylvania Common Law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   4/14/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____